IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.  4:11-CR-00102-01-BRW

BOBBY J. THOMPSON

## ORDER

At a change-of-plea hearing on April 4, 2013, the parties submitted a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), and Mr. Thompson pled guilty to one count of possession of child pornography, a violation of 18 U.S.C. § 2252(a)(4)(B).[1]

Under the plea agreement, the parties agreed to recommend 30 months' incarceration and 10 years' supervised release.[2] I deferred accepting the plea agreement until after I had reviewed the presentence report. After I received the presentence report, I perused[3] it. Based on the information contained in the presentence report, I determined that the recommended sentence was not appropriate.

At the sentencing hearing on July 10, 2013, I informed Mr. Thompson that I was rejecting the plea agreement and gave him the opportunity to withdraw his guilty plea. He did so.

---

[1] Doc. No. 57.

[2] Doc. No. 51.

[3] I use the word "perused" here in the traditional sense; meaning, "read with great care." *See, e.g.*, Bryan A. Garner, *Garner's Modern American Usage*, 623 (Oxford U. Press 2009).

1

Accordingly, a trial in this case is set to commence at 10:00 a.m. on Tuesday, September 3, 2013.[4]

IT IS SO ORDERED this 15th day of July, 2013.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[4] *See* Fed. R. Cr. P. 11(c)(5), (d)(2)(A); see also *U.S. v. Jensen*, 193 Fed. Appx. 651, 653-654 (8th Cir. 2006) (unpublished) (holding that a district court may "withdraw its acceptance of the plea agreement, permit [the defendant] to withdraw his plea of guilty, and set the case for trial").